CALVIN EPLEE *v*. SOUTHERN RAILWAY COMPANY.

(Filed 24 May, 1911.)

1. Master and Servant—Proper Tools—Duty of Master.

It is the master's duty to furnish the servant such tools as are reasonably safe and suitable for the work in which he is engaged, and in general use.

2. Same—Defective Drill—Negligence—Evidence.

A power drill furnished by the master to the servant for boring holes in iron plates, leaving an exposed set-screw thereon dangerous in operating the drill and which are usually covered or countersunk, is not a proper tool for the purpose, and the master is liable in damages proximately caused by the defect, without fault on plaintiff's part.

3. Same — Instruction to Servant — Contributory Negligence — Evidence—Rule of the Prudent Man.

A servant in the course of his employment was drilling holes in iron plates with an electric drill consisting of a vertical shaft, at the lower end of which was a head or socket into which a drill of the kind and size desired was inserted and held in place by a set-screw. This screw head projected three-fourths of an inch, and was neither covered nor countersunk at the time of the injury, which, from the evidence, was customary. This plaintiff was new to the machine and was put to work there by the defendant's foreman, who started the drill and assured plaintiff that he could work it, and left him there without instructions in its use, except to pour water on the plates when they became hot from the drilling. While drilling the holes and attempting to pour water on the plates as directed, plaintiff's coat sleeve was caught in the exposed head of the set-screw causing serious injury, for which he demands damages. *Held*, the question of contributory negligence was properly submitted to the jury under the rule of the prudent man.

4. Pleadings—"Assumption of Risks."

The defense of "assumption of risk" must be sufficiently pleaded to be available. Revisal, sec. 2646, has no application.

APPEAL from *Webb, J.,* at the March Term, 1911, of BUN-COMBE.

Civil action to recover damages for personal injury, alleged to have been caused by the negligence of the defendant.

These issues were submitted:

1. Was the plaintiff, Calvin Eplee, injured by the negligence of the defendant Southern Railway Company, as alleged in the complaint?

2. Did the plaintiff, by his own negligence, contribute to his injury, as alleged in the answer?

3. What damage, if any, is the plaintiff entitled to recover?

The jury answered the first issue, Yes; the second issue, No, and the third issue, One thousand dollars.

From the judgment rendered the defendant appealed.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Brown.*

*Craig, Martin & Thompson for plaintiff.*
*Moore & Rollins and W. B. Rodman for defendant.*

BROWN, J. As the basis of his action the plaintiff alleged that defendant furnished him with which to do his work a drill that was unsafe and negligently constructed, in that from the upright revolving shaft thereof there projected a set screw, dangerous to the person operating the machine and which the defendant negligently allowed to project from the shaft, instead of having covered or countersunk.

Defendant denied that it was negligent, and pleaded contributory negligence.

Defendant, in its shops at Asheville, operated an electric drill, which consisted of a vertical shaft, at the lower end of which was a head or socket, and into this socket a drill of the size and kind desired to be used was inserted and held in place by a set screw. This screw head projected three-fourths of an inch and was neither covered nor countersunk at the time of the injury.

The plaintiff was drilling a hole in a piece of iron, and in order to keep the iron cool, from time to time water would have to be applied to the hole which was being drilled. The plaintiff was standing on the left side of the drill, holding the iron, and there was a can of water near by, so that he could pour the water on the iron as needed. The plaintiff had put water on the iron twice before the accident happened, and when last using the can of water had set it on the table to the right of and near the drill. In reaching for the can of water plaintiff's coat sleeve caught

in the set screw which held the drill in the socket, and he was seriously injured.

The assignments of error, relied upon and discussed in the defendant's brief, present three questions for determination:

1. Is there any evidence of negligence? It was the duty of defendant to furnish plaintiff with a drill reasonably safe and suitable for the work in which he was engaged and such as is in general use. *Hicks v. Mfg. Co.,* 138 N. C., 319; *Lloyd v. Hanes,* 126 N. C., 359.

There is abundant evidence tending to prove that for the protection of the operator such set screws in drills are usually covered or countersunk. In answer to counsel for defendant upon cross-examination, plaintiff further testified that two days after he was injured he saw this drill and defendant had drilled out the set-screw hole and sunk the head flush with the drill shaft, so it could not injure any one.

That there is evidence of negligence to be submitted to the jury is settled by a multitude of decisions. *Pressly v. Yarn Mills,* 138 N. C., 410, and cases cited.

2. Was the plaintiff, in any reasonable view of the evidence, guilty of contributory negligence?

The evidence tends to prove that in the progress of plaintiff's work it was necessary to drill holes in an iron bar. He went to the foreman of the shop and asked where the man was that operated the drill. The foreman said he was not there, and that the plaintiff would have to do the work himself. The plaintiff stated to him that he did not want to take the responsibility of operating the drill. The foreman then went with him to the drill, adjusted it, started it running and left him to operate it alone. The foreman told the plaintiff to hold the iron plate and when it became too hot to pour water on it. The plaintiff told him that he was unaccustomed to the machine and did not understand it. He had never operated the machine before and did not know how to adjust it. There is no evidence that the foreman called the attention of plaintiff to the set screw or cautioned him.

It is manifest, upon this evidence, the court could not hold the defendant guilty of contributory negligence as matter of law.

A man engaged in such work to which plaintiff was assigned,

even if a skilled operator, cannot always be on guard against damage from exposed set screws and the like. His mind is concentrated on his work, and when plaintiff reached for the water-can, it was almost a mechanical act.

In submitting plaintiff's conduct to the judgment of the jury under the rule of the "reasonably prudent man," the court gave defendant all it was entitled to.

3. It is unnecessary to discuss the proposition contended for in defendant's brief, that owing to the character of the work in which plaintiff was engaged, the provisions of section 2646, Revisal 1905, do not apply, and that the defense of assumption of risk is open to defendant, for the reason that such defense is not pleaded in the answer. *Dorset v. Mfg. Co.,* 131 N. C., 254.

Had it been pleaded, the court could scarcely hold as matter of law that in any view of the evidence the plaintiff assumed the risk of the work at the drill in which he was temporarily engaged at the direction of the foreman. *Marks v. Cotton Mills,* 138 N. C., 401.

The brief of the learned counsel for defendant concludes as follows: "These several assignments of error are intended to raise and present to this Court for its decision this question: Upon plaintiff's own evidence, is he entitled to maintain this action?"

We are of opinion that he is.

No Error.